

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 JAN 24 PM 3:05

| | |
|---|---|
| AMAR GUEYE,<br>Plaintiff | Case No. **1:06CV039** |
| vs | |
| AIR BORN EXPRESS, et al.,<br>Defendants | **ORDER**<br>(Dlott, J.) |

Plaintiff, a resident of Cincinnati, Ohio, brings this civil action alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An

Gueye v. Air Born Express et al    Doc. 5

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 517 (1984)). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against Air Born Express, Quick Staff Services, the Clinton County Sheriff's Office, the Cincinnati Health Department, the Ohio Crime Victims Unit, Michael Bach, a lawyer with the DeHaan & Bach Law Firm, and City Wide Management. Plaintiff, "an African American Muslim originally from Africa," alleges he was assaulted on the premises of Air Born Express in Wilmington, Ohio by another employee. A supervisor with Air Born Express telephoned the police and two female Clinton County Sheriff

Officers responded. The Quick Staff coordinator convinced the Sheriff Officers to escort plaintiff out of the building and "threatened to have him locked up if he said anything." (Complaint at II). Plaintiff alleges the Quick Staff coordinator was upset with plaintiff for failing to document his hours for the previous night's work and "constantly" changed plaintiff's assignments. The coordinator later apologized for his behavior, but plaintiff refused to speak with him. Plaintiff subsequently gave a statement to an officer from Allied Security Services and identified his assailant. Thereafter, the alleged assailant threatened to kill plaintiff when the bus which transports the workers returned to Cincinnati.

Plaintiff further alleges that when he returned to Cincinnati, he requested the manager of Quick Staff to notify the police of the incident, but he refused. Plaintiff left the office and telephoned the police from a neighboring business. While waiting for the police, plaintiff was again attacked by the assailant and was knocked unconscious. Emergency personnel were summoned and plaintiff was transported to the hospital where he was treated and released. Plaintiff states that he suffers from severe head pains, dizziness, and insomnia as a result of the attacks.

Plaintiff filed for compensation from the Ohio Crime Victims Compensation fund. He requested $10,000.00, but received only $308.00.

Plaintiff further alleges that he complained about the unhealthy conditions in his apartment to the Cincinnati Health Department which failed to return plaintiff's phone calls or issue written sanctions against plaintiff's landlord.

Plaintiff states he complained to City Wide Management about the issues with his apartment. An employee with City Wide Management "verbally attacked" plaintiff rather than

solving the problems with plaintiff's apartment. Plaintiff subsequently received an eviction notice from the landlord's attorney, Michael Bach "who was a defendant in plaintiff's escrow action last year." (Complaint at IV).

Plaintiff alleges he brings this action "under a tort claim for his personal injuries that have been caused by the negligent (sic) of defendants, wrongful acts or omission of due care by defendants within the scope of their duty (sic) and job responsibilities." (Complaint at V). Plaintiff also alleges that defendants have violated his constitutional rights. He seeks monetary and injunctive relief.

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's complaint fails to state a claim for relief against the Clinton County Sheriff's Office because he fails to allege any facts showing deliberate indifference to his constitutional rights or any other violation of the Constitution or laws of the United States. In addition, any compensation received from the Ohio Crimes Victims Compensation fund is pursuant to State, not federal, law, and plaintiff has no federal constitutional right to receive any compensation from the fund, let alone an amount of his own choosing. Nor does the alleged failure of the Cincinnati Health Department to return plaintiff's phone calls or to issue sanctions against plaintiff's landlord somehow violate plaintiff's constitutional rights. Accordingly, the complaint against these defendants is dismissed for failure to state claim for relief under federal law.

Plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983 against defendants Air Born Express, Quick Staff Services, Michael Bach, and City Wide Management because he fails to allege facts showing these defendants acted under color of state law.

Although a private actor acting in concert with state officials may be subject to § 1983 liability, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), plaintiff has failed to allege any facts whatsoever showing these defendants either conspired or acted in concert with state officials.

At most, plaintiff may state a negligence claim under State law against the defendants. However, because plaintiff's complaint alleges that both he and the defendants reside in Ohio, there is no diversity of citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Thus, there is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendants over which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

_____
Susan J. Dlott
United States District Judge